UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| DANNIE BOWLING, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 17-219-DCR |
| ) | |
| V. ) | |
| ) | |
| RYDER INTEGRATED ) | **MEMORANDUM OPINION** |
| LOGISTICS, INC., ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant Ryder Integrated Logistics, Inc.'s ("Ryder") motion to dismiss, which the Court construes as a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. [Record No. 19] For the reasons that follow, the Court will grant the defendant's motion.

**I.**

Plaintiff Dannie Bowling ("Bowling") was employed by Ryder as an over-the-road truck driver from 2012 through 2017. [Record No. 1, ¶¶ 6-7] Bowling contends that he began to suffer from a serious medical condition in February 2017. *Id.* at ¶¶ 29, 31, 34. Bowling called Ryder on February 4, 6, and 7, 2017, to say that he would not be reporting to work, but it is unclear whether he reported having a serious medical condition at that time. *Id.* at ¶ 32. On February 6, 2017, Ryder disciplined Bowling for not working. *Id.* at ¶ 27.

Bowling alleges that he presented Ryder with a doctor's note stating that he was unable to work from February 4 through February 9, 2017. *Id.* at ¶ 38. He contends that he requested time off under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, but the

- 1 -

defendant refused the request. *Id.* at ¶¶ 39-40. Ultimately, he contends that Ryder interfered with his ability to exercise his rights under the FMLA and retaliated against him for attempting to exercise those rights. Accordingly to Bowling, his employment was eventually terminated because of his inability to work due to illness. *Id.* at pp. ¶¶ 49-51.

Ryder filed a motion to dismiss on January 30, 2017. [Record No. 19] In support, it contends that Bowling filed a Voluntary Petition for Chapter 13 Bankruptcy in 2015 but failed to disclose this cause of action as an asset in the bankruptcy case. [*See* Record Nos. 19-2, 3.] Ryder argues that as a result of this failure, Bowling is judicially estopped from pursuing the action. Alternatively, Ryder claims that Bowling lacks standing to pursue the action because only the bankruptcy Trustee may do so unless the Trustee has abandoned the claim.

## II.

Ryder has styled its request for relief as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, motions under Rule 12(b)(6) must be made before a responsive pleading is filed. Ryder filed its Answer on October 10, 2017. [Record No. 6] Accordingly, the motion to dismiss is construed as a motion for judgment on the pleadings pursuant to Rule 12(c). *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987).

A party's Rule 12(c) motion may be granted when there is no issue of material fact and the moving party is entitled to judgment as a matter of law. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007). The Court accepts as true "all well-pleaded material allegations," but "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* at 581-82 (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

Motions to dismiss under 12(c) are reviewed under the same standard as those under 12(b)(6). *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege sufficient factual matter to state a claim for relief that is plausible on the face of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Peatross v. City of Memphis*, 818 F.3d 233, 239-40 (6th Cir. 2016). The Court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### III.

Bowling acknowledges that he filed a petition under Chapter 13 of the Bankruptcy Code in 2015 and that the bankruptcy case was ongoing when he filed this suit against Ryder in August of 2017. *See* Bankruptcy Action No. 15-61142 (E.D. Ky.). [Record No. 21, pp. 1-2] A bankruptcy petition is signed under penalty of perjury, with a continuing and affirmative duty to disclose all assets, including any potential legal cause of action. *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 424 (6th Cir. 2005) (citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 5th Cir. 1999)). Bowling concedes that he did not amend his schedule of assets to include his FMLA claim against Ryder. *Id.* at p. 3. He asserts that he had no obligation to do so for two reasons. First, he contends that "everyone knew" that Ryder had fired him. Second, he points out that his bankruptcy case ultimately was dismissed and did not result in the discharge of his debts.

Regardless of Bowling's reasons for failing to disclose the existence of his legal claim against Ryder, it became property of the bankruptcy estate, at the latest, when Bowling filed

this civil action in August 2017. *See In re Simmerman*, 463 B.R. 47, 55 (Bankr. S.D. Ohio 2011) ("[I]n Chapter 13 cases, the estate also includes assets acquired by the debtor after the commencement of the case but before the case is closed, dismissed, or converted."). *See also* 11 U.S.C. §§ 541, 1306 (defining "property of the estate"); *Audau v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904 (6th Cir. 2012) (age-discrimination claim accrued and became property of bankruptcy estate when plaintiff was fired).

Before a party may assert any action, it must have standing. This is a jurisdictional prerequisite, based in the case-or-controversy requirement of Article III, Section I of the United States Constitution. At its most fundamental level, standing means that the plaintiff must have suffered some type of "concrete and particularized" injury." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Ryder argues that Bowling does not have standing to pursue the FMLA claim because it belongs to the bankruptcy estate.

It is the general rule that, absent abandonment, only the trustee may pursue a claim that is property of the bankruptcy estate. *See Audau*, 698 F.3d at 904. In cases under Chapter 13 of the Bankruptcy Code, the debtor has been permitted to pursue a legal claim *on behalf of the bankruptcy estate*. *See Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 343 (4th Cir. 2013) (citing *Smith*, 522 F.3d at 1082; *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004); *Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 472-74 (7th Cir. 1999); *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515-16 (2d Cir. 1998); *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1209 n.2 (3d Cir. 1992); *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 269 & n.6 (5th Cir. 2012) (Haynes, J., dissenting) (rejecting the majority's equitable estoppel analysis). Bowling, of course, seeks to prosecute this action on his own behalf.

Bowling makes a strained argument that the bankruptcy Trustee implicitly abandoned the FMLA claim, enabling him to pursue it now. He initially notes that the Trustee moved to dismiss the bankruptcy proceedings and asked to be relieved from further obligations. Next, he points out that the Trustee did not "pursue an FMLA claim or retain counsel to pursue such a claim." However, the Trustee can hardly be faulted for failing to pursue a claim that the plaintiff did not disclose.

Title 11 of the United States Code, § 554, provides the circumstances under which a trustee may abandon estate property. Typically, abandonment of property occurs after notice and a hearing. *See* § 554(a), (b); Fed. R. Bankr. P. 6007. When the debtor's claim is a scheduled asset, the claim may be deemed abandoned upon the closing of the bankruptcy case if it was not administered. *Charboneau v. Jordan*, No. 07-12929, 2010 WL 148664, *2 (E.D. Mich. Jan. 12, 2010) (citing *In re Lehosit*, 344 B.R. 782 (Bankr. N.D. Va. 2006)). Section 554 "heavily implies, if not specifically dictates, that the property must be scheduled for it to be deemed abandoned without notice and a hearing." *In re Pankey*, Bankr. No. 13-0290, 2015 WL 1591716, *2 (Bankr. N.D. Iowa Apr. 6, 2015). *See also Charboneau*, 2010 WL 148664, *2 ("[E]ven when a debtor's claim is not scheduled, it *may* be possible for a trustee to affirmatively abandon the claim by giving notice of the proposed abandonment and an opportunity for a hearing pursuant to [Fed. R. Bankr. P. 6007(a) and 11 U.S.C. § 554(a).") (emphasis added).

Bowling concedes that his claim against Ryder was not scheduled and he does not contend that the Trustee gave notice of abandonment of the claim. Instead, he simply asserts that the Trustee has shown no interest in pursuing the claim [Record No. 21, p. 7], and this is not sufficient to constitute abandonment.

Finally, Bowling argues that the dismissal of the bankruptcy case makes that proceeding void *ab initio*. While he does not provide any authority to support this proposition, it appears that the available authority contradicts Bowling's position. *See In re: Hartford & York, LLC*, No. 13-45563, 2014 WL 985449, *3 (E.D.N.Y. March 13, 2014) ("[E]ven cases filed by entities that are not eligible to be debtors are subject to dismissal, rather than a declaration that they are void from the outset."). 8375 *Honeytree Blvd, Holdings, LLC v. Starman*, No. 11-12431, 2012 WL 683379, *4-5 (E.D. Mich. March 2, 2012) (dismissal of bankruptcy petition based on lack of subject matter jurisdiction did not render case void *ab initio*); *In re Tomco*, 339 B.R. 145, 158-59 (Bankr. W.D. Penn. 2006) (case was not void *ab initio* when it was dismissed upon trustee's motion because debtor had not obtained required credit counseling). Bowling's bankruptcy case remained pending for over two years and required significant resources from the Court and the Trustee. Deeming such cases void would cause considerable questions to arise, including whether filing fees should be returned and whether trustees should be compensated for work in cases that prove to be a nullity or void *ab initio*. *In re Seaman*, 340 B.R. 698, 707 (Bankr. E.D.N.Y. 2006).

Based on the foregoing analysis, the FMLA claim against Ryder remains the property of the bankruptcy estate and Bowling has no standing to pursue it. Accordingly, Bowling's Complaint will be dismissed for lack of subject matter jurisdiction. The Court declines Ryder's invitation to dismiss the Complaint with prejudice, however, as "the law universally disfavors dismissing an action with prejudice based on lack of standing" and there is a strong presumption against doing. *Lani v. Schiller Kessler & Gomez, PLC*, No. 3: 16-cv-18, 2016 WL 4250452, *8 (W.D. Ky. Aug. 10, 2016) (quoting *Univ. of Pittsburgh v. Varian Med. Sys. Inc.*, 569 F.3d 1328, 1333 (Fed. Cir. 2009)).

Ryder argues, alternatively, that Bowling should be judicially estopped from pursuing the FMLA claim because he did not disclose it during the bankruptcy proceedings. This theory raises issues of material fact, *e.g.*, whether Bowling had a motive for concealing the claim, *Browning v. Levy*, 283 F.3d 761, 775-76 (6th Cir. 2002), and cannot be resolved at this stage of the proceeding. However, the Court need not resolve this issue since it is apparent, based on the parties' filings and the bankruptcy record, that Bowling does not have standing to pursue the action.

**IV.**

For the reasons outlined above, it is hereby

**ORDERED** that Defendant Ryder Integrated Logistics, Inc.'s motion to dismiss, construed as a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure [Record No. 19], is **GRANTED**. Plaintiff Dannie Bowling's Complaint is **DISMISSED**, without prejudice. This action is **DISMISSED** and **STRICKEN** from the docket.

This 5th day of March, 2018.

Signed By:
*Danny C. Reeves* DCR
United States District Judge